UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DAVID M. DOOLEY, SR., ET AL. | CIVIL ACTION NO. 16-0110 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MB INDUSTRIES, L.L.C., ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

Before the Court is Petitioners David M. Dooley, Sr., individually and as Trustee for the BD 2008 Family Trust No. 1, Brenda Dooley, individually and as Trustee for the DMD 2008 Family Trust No. 1, David M. Dooley, Jr., and Chris Vallot's (collectively the "Dooley Parties") "Renewed Motion to Withdraw Reference" (Record Document 28) re-urging their previous Motion to Withdraw Reference (Record Document 1). Defendants Carmel Enterprises, LLC, Carmel Foods, LLC, Carmel Group, Inc., X-Treme Doors, LLC, Frederick J. Gossen, Jr. ("Gossen"), Hallwood Financial Limited, Hallwood Modular Buildings, LLC, Gert Lessing ("Lessing"), and Anthony Gumbiner ("Gumbiner") (collectively the "Defendants") have opposed the Motion. See Record Document 31. For the reasons contained herein, the Dooley Parties' Motion is **DENIED**.

**PROCEDURAL BACKGROUND**

On March 1, 2018, the Court denied the Dooley Parties' initial Motion to Withdraw Reference, finding the Dooley Parties had waived their right to a jury trial for their rescission claims because said claims would "necessarily require the resolution" of the Dooley Parties' claims against the debtor, MBI Industries, LLC, and were "integral to the restructuring of the debtor-creditor relationship." See Record Document 25 at 27. Later in the ruling the Court, addressing the Dooley Parties' argument that they properly requested a jury trial for the Defendants' counterclaims, stated, "[i]f it is determined at a

later date that Defendants' counterclaims require a jury trial, then the Dooley Parties may seek withdrawal at that time; but for now, the Court finds it more appropriate for the matter to remain in Bankruptcy Court." Id. at 28.

On April 19, 2018, the Dooley Parties filed the instant "Renewed Motion to Withdraw Reference" re-urging their initial motion since "all pretrial matters [relating to the counterclaims] have been completed." Record Document 28-1 at 2. The Dooley Parties argue that since the constitutional right to a jury trial has been invoked with respect to the Defendants' counterclaims, their motion to withdraw should be granted. See id. at 4. The Defendants opposed the motion on April 30, 2018, arguing primarily that the Dooley Parties' renewed motion is premature. See Record Document 31 at 7.

**LAW AND ANALYSIS**

The Dooley Parties argue the Court in its Memorandum Ruling reserved them the right to "re-file the motion [to withdraw the reference] after the Bankruptcy Court completed preliminary matters relating to the counterclaims filed against [the Dooley Parties]." Record Document 28-1 at 1-2. However, the Dooley Parties misconstrued the Court's pronouncement in its Memorandum Ruling. The Court stated, ""[i]f it is determined at a later date that Defendants' counterclaims require a jury trial, then the Dooley Parties may seek withdrawal at that time…." Record Document 25 at 28. It is clear from the Court's ruling that a precondition for the Dooley Parties re-urging their Motion to Withdraw Reference is that the Bankruptcy Court determine that the Dooley Parties have a right to a jury trial first. Any other interpretation of the Court's statement is illogical. The Court did not instruct the Dooley Parties to re-urge their motion once "all pretrial matters [relating to the counterclaims] have been completed." The Dooley Parties' argument is incorrect.

If the Bankruptcy Court determines that the Dooley Parties have a right to jury trial on the counterclaims, then the Dooley Parties may re-file their motion to withdraw reference. As Defendants assert, "[a] bankruptcy court is an appropriate tribunal for determining whether there is a right to a trial by jury of issues for which a jury trial is demanded." Am. Universal Ins. Co. v. Pugh, 821 F.2d 1352, 1355 (9th Cir. 1987); In re Energy Res. Co., Inc., 49 B.R. 278, 281 (Bankr. D. Mass. 1985); In re Washington Mfg. Co., 133 B.R. 113, 116 (M.D. Tenn. 1991); In re Envisionet Computer Servs., Inc., 276 B.R. 1, 6 (D. Me. 2002); In re Commercial Maint. & Repair, Inc., 2007 WL 2815211, *3 (N.D. Ohio 2007) (reasoning that the right to a jury trial is not itself a jury question; therefore, the bankruptcy court could determine this issue itself); see also In re Wolfe, 68 B.R. 80, 88 (Bankr. N.D. Tex. 1986), approved sub nom. M & E Contractors, Inc. v. Kugler-Morris Gen. Contractors, Inc., 67 B.R. 260 (N.D. Tex. 1986), citing Hayutin v. Grynberg, 52 B.R. 657, 660 (Bankr. D. Colo. 1985) ("Regardless of whether this court has the authority to hear jury trials, it still possesses the power to determine whether there is a right to trial by jury."). It is clear that the Bankruptcy Court has not determined whether the Dooley Parties are entitled to a jury trial since the Dooley Parties bring this argument before this Court, and not the Bankruptcy Court. Until the Bankruptcy Court determines the Dooley Parties are entitled to a jury trial regarding Defendants' counterclaims, the Dooley Parties' renewed motion is premature.

**CONCLUSION**

According to the Court's Memorandum Ruling issued March 1, 2018, the Dooley Parties cannot re-urge their Motion to Withdraw Reference until the Bankruptcy Court determines they are entitled to a jury trial regarding the Defendants' counterclaims. See

Record Document 25 at 28. The Dooley Parties have failed to bring this issue before the Bankruptcy Court. Therefore, the Dooley Parties' "Renewed Motion to Withdraw Reference" (Record Document 28) is **DENIED** as premature.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 4th day of June, 2018.

/s/ S. Maurice Hicks
_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT